UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES TROTTER, | ) | CASE NO. CV 19-4478-JVS (PJW) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| v. | ) ) | |
| UNKNOWN, | ) ) | |
| Respondent. | ) ) | |

On May 15, 2019, Petitioner filed a Petition for Writ of Habeas Corpus, apparently challenging convictions suffered in 1991 and 1992 in the Los Angeles County Superior Court. (Petition at 1.) In it, Petitioner contends that he was subject to an unlawful arrest and improperly denied a jury trial. (Petition at 5-6.) From the face of the Petition, it appears that his claims are both unexhausted and untimely. As such, absent further explanation from Petitioner, they will be dismissed.

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*,

455 U.S. 509, 518-22 (1982). Indeed, the law provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

Because it appears that Petitioner has never presented any of the claims raised in the instant Petition to the California Supreme Court (Petition at 3-4), the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Moreover, the Petition appears to be untimely. State prisoners seeking to challenge convictions that became final before April 24, 1996 had until April 24, 1997 to file a federal habeas petition. *Carey v. Saffold*, 536 U.S. 214, 217 (2002). Petitioner did not file the instant Petition until May 2019, over 20 years after the deadline. Nor has he presented any basis for tolling the federal statute of limitations.[1]

---

[1] Furthermore, Petitioner has failed to name the state officer who has custody of him as the proper Respondent.

2

IT IS THEREFORE ORDERED that, no later than **August 9, 2019**, Petitioner shall inform the Court in writing why this case should not be dismissed for the reasons set forth above.  Failure to timely file a response will result in dismissal.

DATED: July 10, 2019

*Patrick J. Walsh*
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\TROTTER, J 4478\OSC dismiss pet.wpd