UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES TROTTER, | ) | CASE NO. CV 19-4478-JVS (PJW) |
| Petitioner, | ) | ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | ) | |
| UNKNOWN, | ) | |
| Respondent. | ) | |

On May 15, 2019, Petitioner filed a Petition for Writ of Habeas Corpus, seeking to challenge state convictions from 1991 and 1992. (Petition at 1.) He appears to contend that he was wrongfully arrested and denied a jury trial. (Petition at 4-5.) Petitioner indicates that he did not appeal his convictions or file a petition challenging the convictions in the state supreme court. (Petition at 1-3.) On July 10, 2019, the Court ordered Petitioner to show cause as to why the Petition should not be dismissed as unexhausted and untimely. Petitioner has not filed a response to the Order to Show Cause or requested an extension of time to do so.

As a matter of comity between state and federal courts, a federal court will generally not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies.

*Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, Congress has instructed that this Court cannot grant a habeas petition unless the claims have been exhausted or there is no available state corrective process. *See* 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).

In this case, it is clear that Petitioner has not exhausted his state remedies with regard to the claims raised in the Petition. Because his federal Petition is completely unexhausted, it must be dismissed without prejudice to re-file once Petitioner has exhausted his claims. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). Accordingly, the Petition is hereby dismissed.[1]

Further, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this action. *See* 28 U.S.C.

---

[1] The Court need not and does not decide whether the Petition was timely. It appears, however, that Petitioner's claims would be untimely under the federal one-year statute of limitations absent tolling or other justification for Petitioner's delay in raising them in federal court.

2

§ 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED

DATED: September 11, 2019.

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

3